```
 1                 UNITED STATES JUDICIAL PANEL

 2                              ON

 3                  MULTIDISTRICT LITIGATION

 4     IN RE:

 5     UBS AG OFFSHORE              DOCKET NO. 2386

 6     ACCOUNT LITIGATION

 7                         -  -  -  -

 8                  TRANSCRIPT OF ORAL ARGUMENT

 9                         -  -  -  -

10     APPEARANCES:

11     For Plaintiff:         William J. King
                              The WJK Law Firm
12

13                            Jeven R. Sloan
                              Loewinsohn, Flegle, Deary
14

15                            G. Clinton Kelley
                              Pittsburgh, Pennsylvania
16

17     For Defendant:         Lauren A. Eber
                              Gibson, Dunn & Crutcher
18

19

20

21

22     Court Reporter:        Judith Gage
                              (216) 357-7238
23

24

25     Proceedings recorded stenographically.
       Transcript produced by computer-aided transcription
```

```
 1                    Thursday, July 26, 2012, 2:42 PM
 2                    JUDGE HEYBURN:  Next is 2386, UBS Offshore
 3    Account litigation.
 4                    MS. EBER:  Good afternoon, Your Honor.  May
 5    it please the Court, Lauren Eber on behalf of defendant
 6    UBS AG.
 7                    The parties do not dispute there are common
 8    questions of fact here, so I would like to use my time
 9    instead to discuss the unique challenges that make
10    consolidation appropriate here with only two or
11    possibly three cases.
12                    There are both discovery issues and legal
13    issues that make consolidation appropriate here.  As to
14    discovery, discovery in Switzerland is a difficult
15    matter that makes things more complicated than an
16    ordinary case.  There are Swiss banking secrecy laws in
17    play that add all sorts of layers of complexity in
18    terms of actually accomplishing discovery.  There are
19    Swiss restrictions on discovery that implicate the
20    Hague convention and require Hague Convention
21    procedures to be followed.  All of these issues, from
22    our experience in previous matters along these lines,
23    in particular the Olenicoff case, as acknowledged by
24    Bill Cane, counsel for the Roberts plaintiffs in his
25    own papers, as he also acknowledged, makes the
```

```
 1   discovery a lot more complicated, and we anticipate
 2   that there will be motions, discovery motions, and
 3   issues and conflicts that come up.  Having inconsistent
 4   rulings in different courts, even if it is only two
 5   cases, would seriously add to the complexity here.
 6              JUDGE FURGESON:  Miss Eber, I understand my
 7   microphone is not on so I will speak loudly.  I guess
 8   you were successful in the Thomas case in getting the
 9   Judge to dismiss it.
10              MS. EBER:  Yes, yes, Your Honor, and he
11   dismissed it without prejudice, but we found out a few
12   days ago that plaintiffs in that case chose not to
13   amend and instead appealed.
14              JUDGE FURGESON:  So, plaintiffs are -- are
15   plaintiffs going to replead?  Do you know about that?
16   Have they told you they are going to replead?
17              MS. EBER:  They have said they are not
18   repleading.  They indicated they are appealing.
19              JUDGE FURGESON:  They are appealing, sorry.
20   Now I think the microphone is on.  Thank you for that.
21   So that matter is going to go to appeal?
22              MS. EBER:  Right. Exactly.  That has just
23   happened in the last few days.  Up until the last few
24   days there were three cases.  Now there are two because
25   that is going on up on appeal.  If they win on appeal
```

1   there will be three again.
2           JUDGE FURGESON:  Really, what we have is two
3   cases, individual cases, with one going upstairs and
4   two ready for discovery, et cetera, et cetera, et
5   cetera.
6           MS. EBER:  That's correct, Your Honors.
7           JUDGE FURGESON:  Only two individual actions?
8           MS. EBER:  Yes, although there are multiple
9   plaintiffs in the California action.
10          JUDGE FURGESON:  Thank you.
11          MS. EBER:  But as I have said, it would be
12  very burdensome to UBS if we have inconsistent rulings
13  and discovery.  For example, there is no discovery
14  process in Switzerland like there is in America so
15  there is no infrastructure, there are not E-discovery
16  vendors you can send in to help with this document if
17  you have to go to a custody list, and two months later
18  have a ruling in a different case with an expanded time
19  period or expanded custodian list and you have to start
20  that discovery process from scratch.  It is far more
21  burdensome than it would be in an American proceeding.
22          JUDGE FURGESON:  I just finished a case that
23  was all over the world, and there was never -- the
24  lawyers seemed to work it out just fine.
25          Are you getting along with counsel on the

```
 1   other side?  Have you agreed, orders to be signed, et
 2   cetera, et cetera?  Some of that stuff could be
 3   smoothed out by agreement, don't you agree?
 4              MS. EBER:  I agree, Your Honor.  There are
 5   certainly some things that can be worked out amongst
 6   counsel.  The issue, I believe, is where the discovery
 7   disputes are likely to arise, and I imagine that will
 8   probably have to do with the request to go through the
 9   Hague Convention for certain discovery matters, based
10   on Swiss law that requires it, which no one likes to
11   use the Hague Convention so I imagine there will be
12   resistance to that.
13              If we have one court that sees things one way
14   and another that sees things another way, that will
15   present a lot of problems, even if it is just two
16   different cases.
17              JUDGE RENDELL:  Are you relying upon a common
18   course of conduct by UBS?  Is that what is at issue in
19   all these cases?  Or are these individual cases.  I
20   mean, the fact the Hague Convention could present a
21   problem and the courts could decide it differently is
22   not really the issue.  What is at the heart of this?
23   Individualized allegations, or common course of conduct
24   from UBS towards all the plaintiffs?
25              MS. EBER:  Well, the allegations are that
```

1    there was a common course of conduct.  The complaints
2    both rely on the deferred prosecution agreement that
3    UBS entered into with the United States Government
4    relating to the disclosure of -- it is the cross border
5    banking business, and certain admissions that UBS made
6    about its -- the processes that it had in place.  So
7    both of the cases deal with those sorts of allegations.
8              Now, another issue that is going to be at
9    place in the case is the relevance of the deferred
10   prosecution agreement and the qualified intermediary
11   agreement.  The qualified intermediary agreement is an
12   IRS agreement between Switzerland and the IRS, relating
13   to reporting requirements.  UBS will have issues that
14   will be the same in both of those cases as to the
15   relevance, so that's not a discovery issue, it's a
16   separate legal issue that was raised also in the
17   Olenicoff matter and was very important.  Not a
18   discovery issue against something that if there were
19   inconsistent rulings on the relevance of the deferred
20   prosecution agreement or the qualified intermediary
21   agreement, it would not be in the interests of justice.
22             So it is a more complicated situation here
23   than your ordinary case that does not involve those
24   cross border legal issues, cross border discovery
25   issues.

```
 1                JUDGE RENDELL:  Thank you.
 2                JUDGE HEYBURN:  Thank you very much.
 3     Mr. King.
 4                MR. KING:  May it please the Court.  William
 5     King on behalf of the California plaintiffs, Roberts,
 6     et al.  Just so Your Honors know, I was in support of
 7     the consolidation until I learned of the class action
 8     being dismissed, and understanding that they were
 9     appealing that.
10                I actually think that this hearing today is
11     probably premature.  I think that the issues are more
12     common between my plaintiffs, and I have eight, and I
13     may have two more who are joining in, and the class
14     action plaintiffs.
15                After speaking with Mr. Kelly, I understand
16     that there are certain business torts that are
17     completely separate from some of the claims of my
18     plaintiffs, and my plaintiffs are a little bit more
19     unique than in the Olenicoff, matter, which I was
20     involved in, and those -- these plaintiffs have a
21     little bit more -- they have a few more claims on the
22     back end, and each of those are a little different.
23                I do disagree that -- well, I should mention
24     that in my experience with opposing counsel, not her
25     directly, but her firm, discovery was very difficult to
```

```
 1    accomplish.  A lot of stonewalling.  There were things
 2    that should have been just worked out together, even
 3    the discovery referee insisted on that.  It didn't
 4    happen.  I still have concerns about that.
 5              JUDGE FURGESON:  Why could not the -- why
 6    could there not be more cooperation?  What was the
 7    problem?
 8              MR. KING:  From my standpoint, before I was
 9    out of the case, the issue was hiding behind the Swiss
10    laws and the Hague Convention, and I believe that those
11    issues, they still need to be addressed in a discovery
12    motion and I believe that the plaintiffs will prevail,
13    that the documents and the discovery, whatever
14    information there is, should be easier to get without
15    having to wait a year or 18 months.  I think that has
16    no bearing, as Judge -- I'm sorry, I can't see that
17    far.
18              As Your Honor had mentioned, I don't think
19    that really has any bearing on whether or not these
20    cases should be consolidated.  Until we see the results
21    of the appeal, we should really continue this until
22    that time when it seems ripe.
23              JUDGE FURGESON:  So you would say that right
24    now we ought to stay the motion, see if a bunch more
25    cases come in?  That would be your view?
```

1        MR. KING:  First, I don't believe there are
2  many cases left to come in.  Including the plaintiffs I
3  have, the statute of limitations is about to run the
4  end of this year.  I actually think the motion should
5  be denied.  But if Your Honors are considering it,
6  maybe we should wait and see.  Mr. Kelley -- sorry, the
7  Northern Illinois plaintiffs are a year ahead of us.
8  This could have been beneficial, we could have jumped
9  into discovery issues immediately, but Mr. Kelly's
10 client, Patel, and my plaintiffs, only filed earlier
11 this year.  We are not even past the motion to dismiss
12 phase and there will be discovery issues which I
13 believe we can work out and coordinate, and I am
14 willing to do without being thrown together into a
15 court where it is either inconvenient for Mr. Kelley or
16 going to be inconvenient to me.
17       JUDGE FURGESON:  Thank you for your answers.
18       JUDGE HEYBURN:  Thank you very much.
19 Mr. Kelly.
20       MR. KELLEY:  Members of the manual, may it
21 please the Court, my name is G. Clinton Kelley.  I
22 represent the Le Bars plaintiffs from Pittsburgh,
23 Pennsylvania.  There is a key factual distinction that
24 I think is remarkably relevant here to my clients that
25 separates us from this case and suggests that transfer

```
 1   to the MDL panel should not -- would not be
 2   appropriate.
 3              In particular, Mr. and Mrs. Le Bars inherited
 4   $400,000.  They had $300,000 in pension money and then
 5   the UBS brokers that they were dealing with encouraged
 6   them to borrow an additional $350,000 in order to
 7   qualify for special investor status and certain other
 8   perqs as customers of UBS, and in my discussions about
 9   this case before today, it is my understanding that no
10   one else presents with an argument such as that.
11              In that regard, Mr. King and I are not like
12   one another.  Our clients are not like one another, and
13   I am not of the opinion that we are appropriate, the Le
14   Bars plaintiffs are appropriate for consolidation.
15              Other than that, I just want to thank you for
16   the opportunity to speak.  I know there was a snafu
17   with my filing, so thank you for entertaining my
18   comments here this afternoon.
19              JUDGE HEYBURN:  Thank you very much.  We
20   appreciate you explaining your position so well.  Thank
21   you.  We'll take the matter under submission.
22                           - - - -
23
24
25
```

1           C E R T I F I C A T E

2

3           I, Judith A. Gage, Federal Official Court
Reporter, certify that the foregoing is a correct
4    transcript from the record of proceedings in the above
entitled matter.
5

6    _____
     [signature: Judith Gage]
7

8    date